**Dayrl KOPPEL, Appellant,**

v.

**REVENUE CABINET, COMMON-WEALTH OF KENTUCKY,**
Appellee.

No. 88–CA–1947–MR.

Court of Appeals of Kentucky.

Sept. 15, 1989.

Case Ordered Published by Court of Appeals: Oct. 13, 1989.

James L. Fine, Louisville, for appellant.

Celia M. Dunlap, Frankfort, for appellee.

Before EMBERTON, HOWARD and McDONALD, JJ.

HOWARD, Judge.

This appeal was taken from an order of the Jefferson Circuit Court upholding an order in which the appellant was held personally liable for penalties and interest for a corporation's failure to pay withholding tax.

The facts in this case are for the most part not in dispute. The appellant, Dayrl

Koppel, was the president of Dayrl Koppel Plumbing, Inc. The corporation failed to pay the withholding tax for 13 months between February of 1982 and August of 1986. As of July 15, 1986, the tax due, including penalties and interest, was $9,592.43. Liens were filed against the appellant's property in Jefferson County to ensure payment. On July 22, 1986, the appellant paid $9,615 to the appellee Revenue Cabinet.

The appellant subsequently made a timely claim to the Revenue Cabinet for a refund of $4,329.72 which was the amount of penalties and interest on the principal amount of the delinquent tax. On November 26, 1986, the Revenue Cabinet informed the appellant that it was denying the refund request. The appellant appealed this ruling to the Kentucky Board of Tax Appeals which upheld the Revenue Cabinet. An appeal to the Jefferson Circuit Court also resulted in an affirmance. This appeal follows.

The sole contention of the appellant is that he, as a corporate officer, is not personally liable for penalties and interest due for the late payment of taxes.

KRS 141.310(1) requires every employer who makes payment of wages on or after January 1, 1971, to deduct and withhold taxes from those wages as determined under KRS 141.315 or the tables in KRS 141.370. Employers required to deduct and withhold tax must make a report and return to the Revenue Cabinet and pay over the tax required to be withheld. KRS 141.330(1).

KRS 141.340(2) provides in pertinent part that:

The president, vice-president, secretary, treasurer or any other person holding an equivalent corporate office of any corporation subject to KRS 141.330 or 141.315 shall be personally and individually liable, both jointly and severally, for any tax required to be withheld under this chapter from wages paid to one or more employees of any such corporation....

The appellant concedes that he is personally liable for the payment of the tax owed under KRS 141.340(2) but argues that no statute makes him liable for any penalties or interest.

Under KRS 131.010(4) and KRS 134.010(5), "'[t]axpayer' means any person made liable by law to file a return or pay a tax." Because a corporate officer is personally liable for any tax required to be withheld, the appellant is the "taxpayer" in regard to the withholding tax not paid.

KRS 141.985 provides that:

If the tax imposed by this chapter, whether assessed by the Cabinet or the taxpayer, or any installment or portion of the tax is not paid on or before the date prescribed for its payment, there shall be collected, as a part of the tax, interest upon the unpaid amount at the tax interest rate as defined in KRS 131.010(6) from the date prescribed for its payment until payment is actually made to the Cabinet. Interest shall be assessed, collected and paid in the same manner as if it were a deficiency.

Interest is collected "as part of the tax." Thus, it would appear the person liable for the tax, i.e. the taxpayer, would be liable for the interest.

KRS 141.990(2) provides that:

If any taxpayer failed to ... pay the tax imposed by this chapter within the time prescribed, then, unless it is shown to the satisfaction of the department (Cabinet) that the failure is due to reasonable cause, five percent (5%) of the tax found to be due by the department (Cabinet) shall be added to the tax for each thirty (30) days or fraction thereof that ... paying the tax is beyond the time prescribed or extended but the total penalty shall not exceed twenty-five percent (25%) of the tax.

KRS 141.990(9) states that "[a]ny penalty imposed by subsections ... (2) ... of this section shall be assessed, collected and paid in the same manner as if it were a deficiency." KRS 141.990(10) provides that "[e]very tax imposed by this chapter and all increases, interest and penalties thereon, shall become from the time it is due and payable, a personal debt to the state from the taxpayer or other person liable therefor." KRS 134.050(1) is essentially the same as KRS 141.990(10).

Because the appellant is the "taxpayer" in this instance, the penalties of KRS 141.-990(2) fall to the appellant. Further, we think that KRS 134.050(1) and KRS 141.-990(9), (10) bolster our position that the appellant was liable for the tax plus interest and penalties.

The appellant maintains that the provisions of KRS 131.010 *et seq.* and KRS 134.010 *et seq.* cannot be applied to KRS 141.010 *et seq.* Chapter 131 of the Kentucky Revised Statutes is titled "Department of Revenue." Chapter 134 is entitled "Payment, Collection and Refund of Taxes." The title of chapter 141 is "Income Taxes." Although various sections in chapter 141 do make specific references to chapters 131 and 134, we believe the chapters must generally apply to each other.

For example, the term "taxpayers" is not defined in chapter 141 although it is used in KRS 141.985 and KRS 141.990. "Taxpayer" in chapter 141 then must follow the definition in KRS 131.010 and KRS 134.010. It is difficult to believe that a "taxpayer" for income tax purposes is a different person than the "taxpayer" defined in chapters 131 and 134.

The appellant argues that the phrase in KRS 141.340(2) that a corporate officer "shall be ... liable ... for any tax required to be withheld ..." limits the corporate officer's liability only to the tax, not the penalties and interest. But because a corporate officer is the "taxpayer" for the withholding tax under KRS 141.340(2), it is only logical that he should be liable for penalties and interest. Otherwise, there would be no incentive to timely pay the tax. Further, if the legislature had intended for penalties and interest to be inapplicable to corporate officers, it could have easily done so by slightly changing the terms used in KRS 141.340(2).

The judgment is affirmed.

All concur.